UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JACKIE HAWKINS,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | Case No. 2:17-cv-02994-MMD-NJK<br><br>ORDER |

**I.　SUMMARY**

Plaintiff Jackie Hawkins asserts a single claim for negligence against the United States under the Federal Tort Claims Act for alleged injuries sustained in a moving vehicle accident involving a United States Postal Service employee and Plaintiff. (ECF No. 1 at 2.) Defendant seeks dismissal under Rule 12(b)(1),[1] contending that Plaintiff lost standing when she re-opened her chapter 7 bankruptcy in September 2019 after she filed this lawsuit. (ECF No. 46.)[2] The Court agrees that Plaintiff lacks standing, but will give leave for the trustee to be substituted in.

**II.　DISCUSSION**

Defendant argues that because the bankruptcy trustee has the sole authority to bring legal claims on behalf of the estate, Plaintiff no longer has standing to bring this action after her chapter 7 bankruptcy was re-opened at her request. (*Id.* at 4.) Plaintiff does not dispute that once the bankruptcy trustee was appointed the trustee became the

---

[1]Defendant also filed a motion for summary judgment (ECF No. 36) and a motion to limit Plaintiff's recovery of damages (ECF No. 38). The Court will deny these motions without prejudice pending resolution of the issue of standing.

[2]The Court has reviewed the briefs relating to Defendant's motion to dismiss ("Motion"). (ECF Nos. 46, 47, 49.)

real-party in interest for her claim. (*See* ECF No. 47 at 6, ECF No. 48 at 1–2.) The Court agrees that the trustee is now the proper party.

11 U.S.C. § 541(a) provides in pertinent part that "[t]he commencement of a [bankruptcy] . . . creates an estate [which includes] all legal or equitable interests of the debtor . . .." The Ninth Circuit has affirmed that "the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate." *Estate of Spirtos v. One San Bernardino Cnty. Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006). As such, "only bankruptcy trustees, debtors-in-possession, or bankruptcy court authorized entities have standing to sue on behalf of the estate." *McGuire v. U.S.*, 550 F.3d 903, 914 (9th Cir. 2008).

Plaintiff reopened her chapter 7 bankruptcy on September 12, 2019.[3] (ECF No. 46-1 at 20.) On October 15, 2019, the bankruptcy court appointed Lenard E. Schwartzer, Esq. ("Schwartzer") as trustee of Plaintiff's bankruptcy estate. (ECF No. 48.) Thus, because Plaintiff's claim arose before this case was filed and now belong to the estate, only Schwartzer, not Plaintiff, has standing to pursue this action.

However, the Court may, on motion, order the trustee to be substituted for Plaintiff in the case. *See* Fed. Civ. R. P. 25(c), 17(a)(3); *see also In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (internal quotation marks omitted) ("Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands.") (quoting *Matter of Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. 1981). When such a change would be a mere formality that would not alter the original complaint's factual allegations, substitution should be liberally allowed. *See Copelan v. Techtronics Industries Co., Ltd.*, 95 F. Supp. 3d 1230, 1235 (S.D. Cal. 2015). Additionally, the decision to allow substitution under Rule 25(c) is left to the Court's sound discretion. *See In re Bernal*, 207 F.3d at 598.

---

[3]Plaintiff filed a chapter 7 bankruptcy in April 2017 after the accident at issue occurred and apparently did not disclose the claim asserted in this case. (ECF No. 36 at 2-3.)

2

| | The Court finds that substitution in this case would be a mere formality that would not alter the original complaint's factual allegations. As such, to the extent that the trustee wishes to pursue this litigation, substitution in this case may be appropriate. In fact, on October 16, 2019, Plaintiff stated that she was in the process of submitting a motion for leave to amend her complaint and substitute Schwartzer for Plaintiff in this case. (ECF No. 48.) To date, this motion has not been filed. Nevertheless, the Court will deny the Motion and give leave for Schwartzer to be substituted in.

**III.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 46) is denied. In lieu of dismissal, the Court will give leave for the bankruptcy trustee to substitute in for Plaintiff within 30 days from the date of this order. Failure to do so will result in dismissal of this action.

It is further ordered that the two pending motions (ECF Nos. 36, 38) are denied without prejudice and with leave to refile in the event the trustee is substituted in and the issues raised in these two motions continue to be viable.

DATED THIS 23rd day of January 2020.

                                                                                         _____
                                                                                         MIRANDA M. DU
                                                                                         CHIEF UNITED STATES DISTRICT JUDGE