UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LENARD E. SCHWARTZER, CHAPTER 7 BANKRUPTCY TRUSTEE FOR JACKIE HAWKINS,<br><br>                              Plaintiff,<br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Case No. 2:17-cv-02994-MMD-NJK<br><br>ORDER |

## I.     SUMMARY

Plaintiff Lenard Schwartzer, Chapter 7 Bankruptcy Trustee for Jackie Hawkins[1] ("Hawkins"), asserts a single claim of negligence against the United States under the Federal Tort Claims Act ("FTCA") for alleged injuries Hawkins sustained in a moving vehicle accident involving a United States Postal Service ("USPS") employee. (ECF No. 51.) Defendant seeks summary judgement, contending that Plaintiff's claim is barred by judicial estoppel. (ECF No. 53.) In the alternative, Defendant seeks to limit Plaintiff's recovery of damages to the amount of her administrative claim of $400,000. (ECF No. 52.)[2] For reasons discussed below, the Court denies the motion for summary judgment, but grants the motion to limit Plaintiff's recovery of damages.

///

///

---

[1] As discussed *infra* Section.II., Bankruptcy Trustee Lenard Schwartzer has substituted in for Jackie Hawkins as Plaintiff. (ECF Nos. 50, 51.)

[2] The Court has reviewed Plaintiff's responses to both motions (ECF Nos. 55, 57) and Defendant's replies (ECF Nos. 56, 58).

**II.   BACKGROUND**[3]

    **A.   Underlying Facts**

On September 21, 2015, Jackie Hawkins and a USPS employee were involved in an automobile accident. (ECF No. 53 at 2; ECF No. 57 at 2.) After the accident, Hawkins complained of neck pain, back pain, and headaches. (ECF No. 56-1 at 5.) Hawkins began seeing Dr. David Lanzkowsky for treatment of her injuries. (ECF No. 56-2 at 5.) Hawkins opted to have a radiofrequency ablation ("RFA" or "rhizotomy")—a procedure that alleviates pain—performed on May 11, 2016. (ECF No. 56-2 at 10; ECF No. 55-1 at 1.) The benefits of an RFA are supposed to last six months to a year. (ECF No. 56-2 at 12.) In October 2016, Dr. Lanzkowsky recommended a repeat RFA to relieve Hawkins' neck pain. (*Id.* at 15.) However, Hawkins stopped receiving treatment at that time because she was pregnant. (ECF No. 56-1 at 7.) In May 2018, Dr. Lanzkowsky completed a life care plan ("Report"), reviewing Hawkins' medical records and concluding that her symptoms would require treatment for the rest of her life. (ECF No. 55-7.)

In the meantime, a few days after the accident, Hawkins retained counsel to represent her. (ECF No. 43-1 at 1.) In June 2016, Hawkins submitted an administrative claim on an SF-95 form to USPS, seeking damages in excess of $25,000. (ECF No. 52-3.) On March 30, 2017, Hawkins submitted an amended administrative claim to USPS, seeking damages of $400,000. (ECF No. 43-1 at 10-23.) USPS later denied the claim. (*Id.* at 29-31.)

On March 27, 2017, Hawkins retained a separate law firm to prepare and file a Chapter 7 Bankruptcy petition. (ECF No. 43-3; ECF No. 54 at 21-79.)[4] Hawkins answered "no" to question 33 of the bankruptcy schedule, which asked whether she had any "claims against third parties, whether or not [she has] filed a lawsuit or made a demand for

---

[3]The facts recited are undisputed unless otherwise noted.

[4]The Court takes judicial notice of Hawkins' Chapter 7 Bankruptcy petition filed on April 6, 2017. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) ("[A] court may take judicial notice of matters of public record.").

payment." (ECF No. 54 at 38.) The Bankruptcy Court discharged Hawkins' debts a few months later. (ECF No. 43-1 at 24-26.)

### B. Procedural History

On December 11, 2017, Hawkins filed this action in her individual capacity, asserting a claim of negligence against Defendant under the FTCA. (ECF Nos. 1, 51.) Hawkins reopened her Chapter 7 Bankruptcy on September 10, 2019. (ECF No. 44-1 at 3.) Defendant subsequently moved to dismiss this case, contending that Hawkins lost standing by reopening her bankruptcy. (ECF No. 46.) The Court agreed that Hawkins no longer had standing, however, the Court granted leave for the Bankruptcy Trustee to substitute in as Plaintiff. (ECF No. 50.)[5]

Bankruptcy Trustee Lenard Schwartzer filed an amended complaint replacing Hawkins as Plaintiff. (ECF No. 51.) Both the amended complaint and Plaintiff's disclosures claim at least $5,000,000 in damages for Hawkins' injuries. (ECF No. 51 at 4; ECF No 56-2 at 24.)

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to

---

[5]The Court also denied Defendant's similar motion for summary judgment (ECF No. 37) and motion to limit recovery of damages (ECF No. 38) as moot. (ECF No. 50 at 3.)

1 raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the
2 parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897,
3 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89
4 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all
5 inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v.*
6 *Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

### IV.     MOTION FOR SUMMARY JUDGMENT (ECF NO. 53)

Defendant argues that Plaintiff's claim is barred by judicial estoppel because Hawkins did not disclose it in her bankruptcy case, and that reopening her bankruptcy case should not affect application of this doctrine. (ECF No. 53 at 2.) Plaintiff does not dispute that Hawkins did not list her negligence claim as an asset on her bankruptcy schedule. However, Plaintiff argues that Hawkins' failure to disclose the claim was a mistake and that judicial estoppel should not apply to Plaintiff because the claim is now an asset of the bankruptcy estate. (ECF No. 57 at 2.) The Court finds that application of judicial estoppel is not proper based on the undisputed facts presented here.

Judicial estoppel is an "is an equitable doctrine invoked by a court at its discretion."

*New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Generally, "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001). However, an exception exists if the party's failure to list the claim "was based on inadvertence or mistake." *Ah Quin v. County of Kauai Dept. of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013). Courts apply the ordinary definitions of "mistake" and "inadvertence" when determining if the exception applies. *Id.* at 277.

Here, Hawkins states that she inadvertently omitted her claim because she "had no expectation that [she] would receive money" from the case and "was mistaken in [her] belief that the matters were entirely separate from one another." (ECF No. 44 at 2.) She also says that she was confused when her attorney in this case brought up her bankruptcy because she "didn't know what [she] had done wrong". (*Id.*) She states that she "genuinely misunderstood" that she had to list the claim—she thought that she did not have to list it "because it didn't have a confirmed value." (*Id.*) Finally she says that she tried to correct the mistake by reopening her bankruptcy case. (*Id.*)

Defendant argues that the mistake exception is inapplicable because Hawkins had knowledge of her claim when she filed for bankruptcy. (ECF No. 58 at 3.) Defendant points out that Hawkins hired counsel not even a week after the accident, that she made multiple administrative claims to USPS after the accident, and that she submitted a $400,000 personal injury claim just before filing for bankruptcy. (*Id.* at 4.) Thus, Defendant insists that Hawkins' assertion that she believed her claim had no value is "irreconcilable with these facts." (*Id.*) However, Hawkins states that the reason she thought the claim had no value was because her attorneys told her claims like hers are difficult and fail often. (ECF No. 44-1 at 1.) As such, there is "factual support for a conclusion either of mistake and inadvertence, or of deceit" and such factual support counsel against applying the doctrine to bar Hawkins' claims. *See Ah Quin*, 733 F.3d at 277.

Viewing all facts and drawing all inferences in the light most favorable to Plaintiff as

the non-moving party, the Court finds that it is not unreasonable that Hawkins would fail to list her administrative claim such that judicial estoppel should not apply.[6] The Court therefore denies Defendant's motion for summary judgment.

**V.    MOTION TO LIMIT PLAINTIFF'S RECOVERY OF DAMAGES (ECF NO. 52)**

Defendant argues that Plaintiff is barred from recovering damages of more than $400,000 because the FTCA limits recovery of damages to the amount sought in the administrative claim. (ECF No. 52 at 3.) Plaintiff counters that the increased amount is based on newly discovered evidence—Dr. Lanzkowsky's Report recommending a lifetime of treatment—and intervening facts—Hawkins' pregnancy. (ECF No. 55 at 2, 9-11.) Defendant responds that this evidence is not admissible, and it was reasonably foreseeable that Hawkins would need future RFAs when she submitted her claim. (ECF No. 56 at 6-8.)

As an initial matter, the Court is unpersuaded by Defendant's evidentiary arguments. "On a motion for summary judgment, a district court may consider inadmissible evidence as long as the evidence could be presented in an admissible form at trial." *Jeffries v. Las Vegas Metro. Police Dep't*, 713 Fed. App'x. 549 (9th Cir. 2017); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). Here, the medical records could be admitted at trial—i.e., testimony of the treating physicians who composed them, or through the business records exception to the hearsay rule. *See Fraser*, 342 F.3d at 1037; *see also* Fed. R. Evid. 803(6).

---

[6]Defendant argues that Hawkins' statements should be stricken because Plaintiff failed to attach any exhibits to the response that support her claims. (ECF No. 58 at 2 n.1.) The Court declines to do so because those exhibits were attached to Plaintiff's initial response. (ECF Nos. 43, 44); *see also Akopyan v. Second Judicial Dist. Court*, No. 3:15–cv–00593–MMD–WGC, 2016 WL 7365175, at *4 n.2 (D. Nev. Dec. 19, 2016) ("[C]ourts should consider all evidence in the record in determining whether summary judgment is appropriate."). Additionally, to the extent Defendant argues that the Court must disregard Hawkins' declaration because it is self-serving (ECF No. 58 at 4 n.4), Hawkins' declaration is evidence of "the quintessentially personal fact of state of mind." *Ah Quin*, 733 F.3d at 278 (finding that plaintiff's affidavit should only be rejected if it is "blatantly contradicted by the record.")

Moreover, the substance of the Report may be admissible at trial through Dr. Lanzkowsky's expert testimony. *See Tamares Las Vegas Prop., LLC v. Travelers Indemnity Co.*, 409 F. Supp. 3d 924, 944-945 (D. Nev. 2019) (considering a plaintiff's unsworn expert reports at summary judgment because experts would testify at trial as to the reports' conclusions); *see also Campos v. Costco Wholesale Corp.*, No. CV 18-2043-MWF, 2018 WL 7348846, at *2 (C.D. Cal. Dec. 21, 2018). Accordingly, the Court will consider Plaintiff's proffered newly discovered evidence.

A plaintiff seeking to sue the United States under the FTCA must submit an administrative claim to the relevant federal agency for review before filing suit. *See* 28 U.S.C. § 2675(a). The FTCA generally limits a plaintiff's recovery of damages to the sum sought in the administrative claim. *See* 28 U.S.C. § 2675(b). Exceptions exist if "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." *Id.* However, if the full extent of their injuries were "reasonably foreseeable" when the claim was filed, then plaintiffs may not seek increased damages. *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).[7]

Plaintiff offers Dr. Lanzkowsky's Report as newly discovered evidence to support the increase in the amount of damages. In the Report, Dr. Lanzkowsky reviewed Hawkins' medical records after the accident. (ECF No. 55-7 at 1.) Dr. Lanzkowsky noted that while Hawkins' symptoms improved after the initial RFA, her pain returned while she was pregnant. (*See* ECF No. 55-7 at 3-4.) Dr. Lanzkowsky completed the report in May 2018—

---

[7]The Ninth Circuit has yet to provide detailed instructions on how to construe the term "reasonably foreseeable" in this context. *See Singh v. United States*, No. 16-cv-01919 NC, 2017 WL 635476, at *5 (N.D. Cal. Feb. 16, 2017) ("The Ninth Circuit has not issued much guidance regarding § 2675(b)."). Nevertheless, several courts within this Circuit have examined the issue. Most courts have found that "just because an outcome may be conceivable does not render it reasonably foreseeable." *Priest v. United States*, No. 3:14–cv–500–AC, 2015 WL 6457997, at *6 (D. Or. Oct. 26, 2015) (noting that this view is the general consensus). A minority view requires plaintiffs to account for the "worst-case scenario" when submitting their claim. *Von Bargen v. U.S.*, No. C 06–04744 MEJ, 2009 WL 1765767, at *2 (N.D. Cal. June 22, 2009). However, the Court need not select an approach in this case because Plaintiff's argument fails even under *Richardson's* limited guidance as discussed *infra*.

1 over a year after Hawkins submitted her amended claim—and concluded that
2 management of Hawkins' symptoms would "require treatment for the remainder of her
3 lifetime." (*Id.* at 6.)

4 Plaintiff argues that the Report was the first time that Hawkins was specifically told
5 she would need a lifetime of treatment and also argues that her pregnancy was "an
6 obvious intervening factor in her recovery." (ECF No. 55 at 9-12.) However, it is undisputed
7 that Hawkins knew—after she became pregnant but before she submitted the amended
8 claim—that RFA's only provided temporary pain relief and that she would likely need to
9 repeat the procedure in the future. (ECF No. 55-1 at 7; ECF No. 56-1 at 6; ECF No. 56-2
10 at 13-15.) Moreover, Plaintiff concedes that Hawkins accounted for future RFA's in
11 requesting $400,000 of damages in her amended claim. (ECF No. 55 at 8-9.) Furthermore,
12 nothing in the record indicates that Hawkins ever expected treatment that could provide
13 permanent relief for her symptoms. Given these facts, it was reasonably foreseeable that
14 the extent of Hawkins' need for pain treatment would be lengthy, if not indefinite, when
15 she submitted her amended claim. In other words, the increase in the amount of damages
16 is based on the duration of the need for pain treatment (i.e., lifetime), but this was
17 reasonably foreseeable at the time Hawkins amended her claim because she was told of
18 the temporary nature of the recommended RFR treatment. As such, neither the Report
19 nor her pregnancy qualify as exceptions under 28 U.S.C. § 2675(b).

20 In sum, the Court agrees with Defendant. The Court thus grants Defendant's motion
21 to limit Plaintiff's recovery of damages.

22 **VI.   CONCLUSION**

23 The Court notes that the parties made several arguments and cited to several cases
24 not discussed above. The Court has reviewed these arguments and cases and determines
25 that they do not warrant discussion as they do not affect the outcome of the motions before
26 the Court.

27 It is therefore ordered that Defendant's motion for summary judgment (ECF No. 53)
28 is denied.

It is further ordered that Defendant's motion to limit Plaintiff's recovery of damages (ECF No. 52) is granted.

DATED THIS 11th day of May 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE